NO. 07-08-0451-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 14, 2009
______________________________

BRYAN S. HALL, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

XCEL ENERGY, INC., SOUTHWESTERN PUBLIC SERVICE 
COMPANY d/b/a XCEL ENERGY and DWAYNE MARCHBANKS,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 94392-A; HON. RICHARD DAMBOLD, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Bryan S. Hall (Hall) appealed from a summary judgment denying him relief against
Xcel Energy, Inc. (Xcel). The suit involved the recovery of damages arising from a fall that
occurred during Hallâs employment as a linesman. Hall sued not only Xcel but also
Southwestern Public Service Co. (SPS) and Dwayne Marchbanks, his supervisor. Though
summary judgment was granted in favor of each of the defendants, only that aspect of the
judgment involving Xcelâs liability was appealed. We affirm the summary judgment.
Â 
Â Â Â Â Â Â Â Â Â Â The record before us discloses that Xcel, SPS, and Marchbanks jointly moved for
summary judgment. In their motion and under the heading âFactual Background and Basis
of the Motion,â the movants stated that âDefendants bring this Motion . . . seeking dismissal
of the Plaintiffâs case in its entirety on the basis that his claims are barred by the exclusivity
provision of the Texas Workersâ Compensation Act . . . .â (Emphasis added). This
passage was followed by another that read: â[i]n addition, Xcel Energy, Inc. moves for
judgment on the basis that there is no evidence that it committed any act or omission
connected in any way to Plaintiffâs accident.â To the foregoing, we add that the movants
also described, in the motion, what they meant by the word âDefendantsâ; it encompassed
all three of them (i.e. Xcel, SPS, and Marchbanks). Given this definition, we conclude that
Xcel sought insulation from liability on at least two grounds. The first concerned the
allegation that the Workerâs Compensation Act provided Hall with his exclusive remedy,
while the second involved the matter of Xcel committing any act or omission upon which
liability could be based.


 This is of import because the trial court did not state the basis
upon which it awarded summary judgment to Xcel.
Â Â Â Â Â Â Â Â Â Â Â Â Â Where multiple grounds for summary judgment are alleged and the trial court does
not specify the particular one underlying its decision, the appellantâs burden is heightened. 
He must illustrate why none support the ruling. Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995). Thus, Hall was obligated to show why none of the grounds we noted
above entitled Xcel to relief.


 However, the three appellate issues before us omit
discussion about the Workerâs Compensation Act providing Hall his exclusive means of
redress against Xcel. Thus, he not only failed to carry the burden imposed upon him by
the Texas Supreme Court in Star-Telegram but also failed to prove that the trial court erred
in granting Xcel the relief it sought. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we affirm the trial courtâs summary judgment. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice



BR2">
 John T. Boyd

 Senior Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004-2005). 
2. We need not address whether a record made without knowledge that it might be used in litigation
is inadmissible under the business records exception to the hearsay rule. Tex. R. App. P. 47.1.
3. Texas Rule of Evidence 803(1) says that a present sense impression is a statement describing an
event or condition made while the declarant was perceiving the event or condition or immediately thereafter. 
4. There are two exceptions to that requirement but these exceptions are inapplicable to the present
case. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).